UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHINWE OKORIE, | CASE NO. 2:25-cv-00863-LK |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND CONTINUING TRIAL DATE |
| v. | |
| MEDTRONIC USA, INC., | |
| Defendant. | |

This matter comes before the Court on pro se Plaintiff Chinwe Okorie's Notice Regarding Transition of Counsel and Request for Extension of Deadlines. Dkt. No. 31. Okorie requests a 90-day extension of all deadlines "to secure substitute counsel" and "allow newly retained counsel adequate time to review the record and participate meaningfully in the case." *Id.* at 3. Defendant Medtronic USA, Inc. "does not oppose Plaintiff's request for an extension but would ask that the Court limit the extension to 30 additional days instead of 90 days." Dkt. No. 37 at 1. For the reasons set forth below, the Court grants the motion in part and denies it in part.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND CONTINUING TRIAL DATE - 1

## I.    BACKGROUND

Ms. Okorie is a former employee of Medtronic. Dkt. No. 1-2 at 1. She contends that Medtronic discriminated against her, subjected her to a hostile work environment, retaliated against her, and ultimately terminated her employment in violation of the Washington Law Against Discrimination, Washington state's Equal Pay and Opportunities Act, Washington state's Silenced No More Act, and public policy. *Id.* at 14–21. Medtronic removed the case to this Court in May 2025. Dkt. No. 1.

The Court set an August 31, 2026 trial date, Dkt. No. 18, and then continued the trial date twice at the parties' joint requests, Dkt. Nos. 22, 24. Ms. Okorie's counsel withdrew on April 22, 2026, Dkt. No. 35, due to what Ms. Okorie describes as "an unexpected breakdown in the attorney-client relationship," Dkt. No. 39 at 2. Trial is currently scheduled for December 14, 2026. Dkt. No. 24.

## II.    DISCUSSION

### A.    Legal Standard

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b) "primarily considers the diligence of the party seeking the [extension]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under this standard, a schedule modification is permissible if the current deadline cannot be met despite the diligence of the moving party. *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.* In the same vein, the provisions of Local Civil Rule 16 are "strictly enforced" in order to "accomplish effective pretrial procedures and to avoid wasting the time of the parties, counsel, and the court[.]" LCR 16(m)(1). Carelessness is incompatible with a

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND CONTINUING TRIAL DATE - 2

finding of diligence, *Johnson*, 975 F.2d at 609, as is "[m]ere failure to complete discovery within the time allowed," which "does not constitute good cause for an extension or continuance," LCR 16(b)(6). As the moving party, Ms. Okorie has the burden of demonstrating good cause. *See White v. Ethicon, Inc.*, No. C20-952-BHS, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022).

**B.      The Court Grants a 90-Day Continuance and a 30-Day Stay**

Ms. Okorie contends that good cause exists for a 90-day continuance because "[g]iven the complexity of the case and the need for meaningful review of the record, immediate withdrawal [of her counsel] without adequate transition time would create substantial procedural prejudice." Dkt. No. 31 at 2. Medtronic opposes the motion in part and argues that a 30-day continuance is sufficient, Dkt. No. 37 at 2–3, because Ms. Okorie already received a 30-day continuance on April 14, 2026, when the Court granted the parties' stipulated motion to continue deadlines "to allow Plaintiff to find new counsel without prejudicing Plaintiff's claims," Dkt. No. 23 at 1. Medtronic argues that "[a]n additional 90-day continuance of the most recent Court Order granting the Parties Stipulated 30-day continuance is an unnecessary delay and will prejudice Defendant's defense of this case as Plaintiff has already indicated that she will not partake in discovery or sit for her deposition while she obtains new counsel." Dkt. No. 37 at 3; *see also* Dkt. No. 38 at 1–2.

Some deadlines are quickly approaching, including the May 18, 2026 deadline for expert disclosures. Dkt. No. 24 at 1. Even if Ms. Okorie retained new counsel immediately, it seems unlikely that they would be able to comply with either the current deadline or with a deadline extended by 30 days. In light of the withdrawal of Ms. Okorie's counsel and the quickly approaching deadlines, the Court grants a 90-day continuance of the trial date and pretrial deadlines so that she may seek new counsel and newly retained counsel has time to review the record.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND CONTINUING TRIAL DATE - 3

Construing Ms. Okorie's pro se motion liberally, she is also requesting a stay of her "discovery obligations" during the 90-day period "to ensure that no deadline runs during the transition period and that Plaintiff is not required to proceed pro se while seeking counsel." Dkt. No. 30 at 2; *see also* Dkt. No. 39 at 4 (reply brief requesting that "no discovery deadlines or deposition obligations be enforced until after the Court's consideration of this motion and any resulting continuance period"). Ms. Okorie has not shown that she should not be "required to proceed pro se" when she asked the Court to grant her counsel's motion to withdraw. Dkt. No. 31 at 3. The Court also finds that a stay of discovery for the entire 90-day continuance period is unnecessary—Ms. Okorie has already had more than 30 days to attempt to retain other counsel[1]— and such a lengthy discovery stay would not promote "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). However, because Medtronic does not oppose a 30-day stay of Ms. Okorie's discovery obligations, Dkt. No. 37 at 2–3, the Court grants that request.

Until Ms. Okorie retains counsel, she is responsible for pursuing this case pro se. Materials to assist pro se litigants are available on the United States District Court for the Western District of Washington's website, including a Pro Se Guide to Filing Your Lawsuit in Federal Court and information about the Federal Bar Association's Legal Clinic. https://www.wawd.uscourts.gov/representing-yourself-pro-se. Although the Court affords some leeway to pro se litigants, they must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website.

---

[1] *See* Dkt. No. 27 at 1 (former counsel stating that Ms. Okorie asked her counsel to withdraw on April 3, 2026). Moreover, Medtronic seems willing to wait an additional 30 days to receive Ms. Okorie's overdue discovery responses and to take her deposition. Dkt. No. 37 at 2.

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND CONTINUING TRIAL DATE - 4

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Ms. Okorie's motion. Dkt. No. 31. The Court extends the trial date and pre-trial deadlines by 90 days, and directs the Clerk to issue an amended case schedule with a new trial date and pretrial deadlines. The Court stays Ms. Okorie's discovery obligations for 30 days from the date of this Order.

Dated this 7th day of May, 2026.

Lauren King
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN EXTENSION AND CONTINUING TRIAL DATE - 5