UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHINWE OKORIE,<br><br>Plaintiff,<br><br>v.<br><br>MEDTRONIC USA, INC.,<br><br>Defendant. | CASE NO. 2:25-cv-00863-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |

This matter comes before the Court on Defendant Medtronic USA, Inc.'s motion to compel Plaintiff Chinwe Okorie to provide complete responses to Medtronic's discovery requests and appear for her deposition. Dkt. No. 44. For the reasons set forth below, the Court grants the motion in part and denies it in part.

## I. BACKGROUND

Ms. Okorie is a former employee of Medtronic. Dkt. No. 1-2 at 1. She contends that Medtronic discriminated against her, subjected her to a hostile work environment, retaliated against her, and ultimately terminated her employment in violation of the Washington Law Against Discrimination, Washington state's Equal Pay and Opportunities Act, Washington state's Silenced

No More Act, and public policy. *Id.* at 14–21. Medtronic removed the case to this Court in May 2025. Dkt. No. 1.

The Court set an August 31, 2026 trial date, Dkt. No. 18, and then continued the trial date twice pursuant to the parties' joint requests, Dkt. Nos. 22, 24. Medtronic served its First Set of Interrogatories and Requests for Production on Ms. Okorie on October 9, 2025. Dkt. No. 45 at 1. According to Medtronic, "[b]eyond providing limited basic information regarding [her] allegations, Plaintiff largely asserted objections to the propounded discovery or otherwise failed to provide substantive responses to multiple requests." *Id.*; *see also id.* at 8–39 (responses).

On March 27, 2026, Medtronic emailed a letter to Ms. Okorie's counsel outlining the alleged deficiencies in the responses. *Id.* at 41–42. The same day, it served its second set of discovery requests on Ms. Okorie and noticed her deposition for May 5, 2026. *Id.* at 2; *see also id.* at 44–49 (second set of discovery requests). Ms. Okorie subsequently filed a motion to continue the pre-trial deadlines and trial date, Dkt. No. 31, and her counsel withdrew on April 22, 2026, Dkt. No. 35.

On April 28, 2026, Medtronic's counsel emailed Ms. Okorie inquiring about the status of her responses to the second set of discovery requests, which were due the day before, as well as her supplemental responses to the first set of discovery requests. Dkt. No. 45 at 68–69. Ms. Okorie repeatedly refused to discuss the issues while her motion for a continuance was pending. *Id.* at 65–68.

On May 7, 2026, the Court issued an order granting in part and denying in part the motion for a continuance. Dkt. No. 40. In that order, the Court extended the trial date and pre-trial deadlines by 90 days, denied Ms. Okorie's request to stay her discovery obligations by 90 days as unnecessary (because she had already had more than 30 days to attempt to retain other counsel, and an additional 90-day stay would not promote the orderly course of justice), and stayed Ms.

Okorie's discovery obligations for 30 days from the date of the May 7, 2026 order. *Id.* at 4–5. The Court also ordered that "[u]ntil Ms. Okorie retains counsel, she is responsible for pursuing this case pro se" and that, although "the Court affords some leeway to pro se litigants, they must comply with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Rules." *Id.* at 4.

Following the Court's order, Medtronic asked Ms. Okorie to provide her discovery responses and supplements by June 8, 2026 and to provide her availability for her deposition the week of June 22. Dkt. No. 45 at 64. Ms. Okorie responded, "I will continue to seek substitute counsel and will proceed in good faith. I will address discovery obligations and will provide deposition availability accordingly." *Id.* She requested that Medtronic give her extensions of the June 8 deadline to June 16, then to June 23. *Id.* at 3, 62–63.

On June 23, 2026, Ms. Okorie emailed her supplemental discovery responses but refused to provide a date for her deposition because she was continuing to seek counsel. *Id.* at 60–61. On June 26, Medtronic's counsel emailed, stating that Ms. Okorie had provided only objections rather than supplemental responses, requested to meet and confer, and demanded a date for her deposition. *Id.* at 59–60. On Monday, June 29, Ms. Okorie emailed that she was not available to meet and confer that week, offered to meet and confer the following week, stated that she would provide her availability for a deposition (though she did not do so), and asked counsel to "identify the specific interrogatories, requests for production, and objections with which Defendant disagrees." *Id.* at 58–59. The parties agreed to meet and confer on July 8, but Ms. Okorie again refused to provide dates for her deposition before having "consultations" with potential replacement counsel. *Id.* at 57–58. On July 7, Medtronic's counsel sent Ms. Okorie a letter detailing the deficiencies with her discovery responses. *Id.* at 56, 86–88.

The parties met and conferred on July 8, 2026, and Medtronic's counsel "reviewed each disputed discovery request with [Ms. Okorie] on a request-by request basis, identified the specific information and documents [it] contends remain outstanding, and explained what portions of [her] responses Defendant believes remain incomplete." *Id.* at 54; *see also id.* at 4. After the meet and confer, Ms. Okorie sent an email requesting a list of the alleged deficiencies with her discovery responses and reiterating that she would not provide her availability for a deposition before her "consultations" with potential attorneys. *Id.* at 56. Medtronic's counsel responded that they would move to compel absent Ms. Okorie's complete discovery responses, production of documents, and deposition availability. *Id.* at 55. Ms. Okorie transmitted a signed verification of her answers to Medtronic's second set of discovery requests on July 9. *Id.* at 53.

Medtronic filed this motion on July 9, 2026. Dkt. No. 44. Ms. Okorie opposes the motion. Dkt. No. 46.

## II. DISCUSSION

### A. The Scope of the Record

Ms. Okorie signed her declaration in support of her opposition brief, Dkt. No. 46 at 4, and certificate of service, *id.* at 15, but not the opposition brief itself, *id*.

Federal Rule of Civil Procedure 11(a) requires filings to be signed "by a party personally if the party is unrepresented." The signature requirement is not a mere technicality. By signing, a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing "is not being presented for an improper purpose," the "factual contentions have evidentiary support," and "the denials of factual contentions are warranted on the evidence[.]" Fed. R. Civ. P. 11(b)(1)–(4). Pro se litigants are subject to the same procedural requirements as other litigants. *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). This entails strict compliance with applicable law, including but not

limited to the Federal Rules of Civil Procedure and Local Civil Rules. *See Chan v. Ryan*, No. 22-CV-01796-LK, 2023 WL 197429, at *4 (W.D. Wash. Jan. 17, 2023).[1]

Because Ms. Okorie's response is unsigned, the Court declines to consider it. However, the Court would still grant in part and deny in part Medtronic's motion as set forth below even if it did consider Ms. Okorie's response.[2]

**B. Legal Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). In evaluating a disputed discovery request, the Court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Materials need not be admissible in evidence to be discoverable. *Id.* Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

---

[1] Ms. Okorie's response also violates Local Civil Rule 7(e)(6) because it does not contain a word count certification. It also sets forth legal propositions but is generally devoid of citations to any authority. *See, e.g.*, Dkt. No. 46 at 10–13. "Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court"; the Court will not find supporting authority for either side. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003); *see also Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("To put it plainly, courts call balls and strikes; they don't get a turn at bat." (citation modified)).

[2] Ms. Okorie responds that she has participated in discovery in good faith. Dkt. No. 46 at 11–12. She contends that Medtronic "did not provide its written deficiency letter . . . until the afternoon of July 7, 2026 less than twenty-four hours before the scheduled conference," but she still participated in the conference. *Id.* at 6. She does not dispute that she has not provided any dates for her deposition and continues to assert that she will do so after "consultations with prospective substitute counsel[.]" *Id.* She asks the Court to deny the motion to compel to the extent that Medtronic seeks documents beyond the scope of Rule 26, but she identifies only one alleged category of such documents: Ms. Okorie contends that her "immigration-related materials should be protected[.]" *Id.* at 12 (capitalization altered). She avers that Medtronic's discovery requests in that area seek "categories of documents that may include attorney-client communications, attorney work product, privileged communications with immigration counsel, and protected federal immigration filings and supporting materials that may be subject to applicable privileges and federal confidentiality protections, including 8 U.S.C. § 1367." *Id.* And finally, she argues that Medtronic "seeks an order compelling broad categories of discovery without distinguishing among the individual interrogatories and requests for production at issue[.]" *Id.* at 14.

This Court has broad discretion to decide whether to compel disclosure. *Id.* If a party fails to fully respond to a discovery request, the party seeking discovery may bring a motion to compel disclosure or discovery. Fed. R. Civ. P. 37(a). In addition, Local Civil Rule 37(a)(1) requires parties to meet and confer prior to bringing a motion to compel. Medtronic has certified that the parties met and conferred on July 8, 2026, prior to filing this motion. Dkt. No. 44 at 2; Dkt. No. 45 at 4.

**C. The Court Grants the Motion to Compel in Part**

1. <u>The Parties' Positions</u>

Medtronic seeks an order requiring Ms. Okorie "to provide the supplemental responses repeatedly promised," verify her interrogatory responses, produce complete responses to Defendant's second set of discovery requests, and provide proposed dates for her deposition. Dkt. No. 44 at 6–7. Medtronic contends that she "has provided no justifiable basis for her persistent failure to provide complete discovery responses and Defendant has been prejudiced by [her] delays." *Id.* at 7. And despite multiple extensions of time—beyond what the Court granted—Ms. Okorie still has not complied with her discovery obligations. *Id.* Medtronic requests an order requiring Ms. Okorie to (1) provide complete responses to both sets of Medtronic's discovery requests within seven days, (2) produce all responsive documents in her possession, custody, or control within seven days, and (3) appear for her deposition within 20 days of service of her complete written discovery responses and documents. *Id.* at 8–9. Medtronic also seeks an award of its "its reasonable expenses, including attorneys' fees and costs, incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5)[.]" *Id.* at 9.

In its reply brief, Medtronic emphasizes that Ms. Okorie never states that she has provided complete discovery responses or produced all responsive documents. Dkt. No. 47 at 4–5. With respect to its immigration-related discovery requests, Medtronic avers that Ms. Okorie "placed her

immigration status and [Medtronic]'s handling of her immigration sponsorship squarely at issue in this litigation" because her complaint "repeatedly alleges that [Medtronic] threatened [her] immigration status, mishandled her H-1B sponsorship, discriminated against her based on her immigration status, and ultimately terminated her employment because of those circumstances." *Id.* at 4 (citing Dkt. No. 1-1 at 2, 4, 7–14, 16–17). Medtronic also notes that "any legitimately privileged materials may be withheld and identified on a privilege log, if appropriate." *Id.* at 3–4.

2. <u>The Court Grants the Motion in Part</u>

Medtronic's motion seeks overbroad relief by asking for an order compelling "full, complete, and verified supplemental responses to Defendant's First and Second Set of Interrogatories and Requests for Production" and "all responsive documents" even though not all of Medtronic's interrogatories and requests for production are at issue. Dkt. No. 44 at 8–9. Medtronic's July 7 deficiency letter listed the specific responses that were inadequate, and the meet and confer appears to have only covered those "disputed discovery request[s.]" Dkt. No. 45 at 4, 86–88. Accordingly, Medtronic's motion is denied to the extent that it seeks to compel additional responses and documents beyond those set forth in the July 7 letter and discussed during the meet and confer.

Turning to the issues raised in Medtronic's July 7, 2026 deficiency letter, Dkt. No. 45 at 86–88, Ms. Okorie does not dispute that she has failed to provide complete discovery responses or to produce all documents in response to that letter or the parties' subsequent meet and confer, *see generally* Dkt. No. 46. The Court also agrees with Medtronic that Ms. Okorie has placed her immigration status in dispute with the immigration-related contentions in her complaint, Dkt. No. 1-2 at 2, 4, 7–14, 16–17, and the immigration-related damages she seeks, *see, e.g.*, Dkt. No. 45 at 79 (Ms. Okorie contending in discovery responses that after her "termination from employment with Defendant, [her] employment authorization and immigration circumstances were affected,"

leading to a period of unemployment). Accordingly, the immigration-related information and documents that Medtronic seeks are relevant, and any general claim of immigration-related privilege is insufficient to defeat the motion. The Court also finds relevant the documents Medtronic seeks regarding Ms. Okorie's employment applications and job offers to evaluate her alleged damages and mitigation efforts. Dkt. No. 44 at 5; Dkt. No. 45 at 80, 88.

Accordingly, the Court orders Ms. Okorie to provide, within **14 days** of this Order, complete and verified supplemental discovery responses and documents that are within her possession, custody, and control, which are responsive to the specific interrogatories and requests for production set forth in Medtronic's July 7, 2026 letter.

In addition, the Court finds that Ms. Okorie has failed to cooperate in discovery by refusing—for months—to provide available dates for her deposition. The Court's May 7, 2026 order stayed her discovery obligations only for 30 days and specifically informed her that she was "responsible for pursuing this case pro se" until she retained counsel. Dkt. No. 40 at 4. Nothing in that order or the court rules allowed Ms. Okorie to extend the limited stay unilaterally. Nor does her pro se status excuse her from complying with her discovery obligations. *See, e.g.*, *Wolf v. City of Aberdeen*, No. 3:23-cv-05954-TMC, 2024 WL 3917192, at *2 (W.D. Wash. Aug. 23, 2024) (granting motion to compel pro se plaintiff to provide overdue responses to interrogatories and requests for production). Accordingly, the Court orders Ms. Okorie to appear for her deposition on a mutually agreeable date within **20 days** of providing the supplemental interrogatory responses and documents. The Court also cautions Ms. Okorie that it may issue sanctions, up to and including dismissal of her case, if she refuses to comply fully with her discovery obligations in violation of this order or applicable law. *See, e.g.*, Fed. R. Civ. P. 37; *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

3. Medtronic's Request for Attorney's Fees

Medtronic requests its reasonable attorney's fees and costs incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 37(a)(5). Dkt. No. 44 at 9. Where, as here, the Court grants in part and denies in part a motion to compel, the Court may "apportion the reasonable expenses for the motion" after giving the opposing party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(C); *see also Shaffstall v. Old Dominion Freight Line, Inc.*, NO. C18-1656-JCC, 2019 WL 3804204, at *3 (W.D. Wash. Aug. 13, 2019) ("If a motion to compel discovery is granted in part and denied in part, the Court may award attorney fees.").

Courts will not order fees if the movant failed to make a good faith attempt to obtain the discovery without court action, the opposing party's nondisclosure was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). In other words, Rule 37 "creates a presumption that the losing party will pay the attorney fees which the prevailing party incurred in bringing the motion." *Ryness Co. v. Builder Sales Grp.*, LLC, No. C10-1096-JCC, 2011 WL 2532691, at *1 (W.D. Wash. June 24, 2011). The non-disclosing party has the burden of showing that the failure to disclose was substantially justified or that other circumstances make an award unjust. *See Hyde & Drath v. Bake*r, 24 F.3d 1162, 1171 (9th Cir. 1994).

Here, Medtronic made repeated efforts to resolve this matter without the Court's intervention. *See, e.g.*, Dkt. No. 45 at 1–4. There are no circumstances that would make an award of fees unjust. "*[P]ro se* status does not excuse intentional noncompliance with discovery rules[.]" *Sanchez v. Rodriguez*, 298 F.R.D. 460, 470 (C.D. Cal. 2014); *see also American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure); *Ghazali*, 46 F.3d at 54 (same).

Nor has Ms. Okorie shown that her position was substantially justified. As set forth above, there was no basis for Ms. Okorie to attempt to unilaterally stay her obligation to appear for her

deposition while she sought new counsel, particularly in light of the Court's specific denial of the longer discovery stay she requested and its instruction that she was "responsible for pursuing this case pro se" until she retained counsel. Dkt. No. 40 at 4. And Ms. Okorie did not seek a protective order excusing her from her obligation to attend her deposition. Unless deponents have "obtained a court order that postpones or dispenses with [their] duty to appear, that duty remains." *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear."). Ms. Okorie's months-long refusal to provide dates for her deposition was not substantially justified.

As for Ms. Okorie's failure to provide complete interrogatory responses and produce documents, nonproduction is substantially justified only when there is a "genuine dispute" as to whether the information at issue is discoverable. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Again, even if the Court were to consider Ms. Okorie's response, the only category of information that she disputes relates to her immigration status, Dkt. No. 46 at 12–13, and her stance on that issue is not substantially justified. She cites only 8 U.S.C. § 1367 to support her nondisclosure based on "confidentiality," Dkt. No. 46 at 12, but that statute is clearly inapplicable here. It limits when the Attorney General or other federal government employees may disclose documents, and has no bearing on when an individual may produce her own documents. 8 U.S.C. § 1367(a). Ms. Okorie also vaguely references "attorney-client communications," Dkt. No. 46 at 12, but she provides no specifics or the required privilege log, Fed. R. Civ. P. 26(b)(5)(A). Rule 26(b)(5)(A) requires the provision of a privilege log for a reason: "If a party could omit large swaths of responsive documents from its privilege log simply because it unilaterally determined that they were privileged, many (perhaps critical and damaging) documents would go undiscovered and undisclosed." *Young v. Safeco Ins. Co. of Am.*, No. 20-CV-01816-LK, 2022 WL 2828740, at *3 (W.D. Wash. July 20, 2022) (noting that "[t]he potential for abuse is obvious"). Ms. Okorie's

withholding of her immigration-related information and documents based on an inapplicable statute and unsupported claims of privilege was not substantially justified. Finally, even if the Court considered Ms. Okorie's response to the motion, Dkt. No. 46, it provides no explanation for her failure to provide information and documents related to her damages calculations, other job applications and offers, and other sources of income, Dkt. No. 45 at 86–88.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Medtronic's motion to compel. Dkt. No. 44. Ms. Okorie is required to supplement her discovery responses and produce responsive documents as set forth above within **14 days** of the date of this order, and to participate in her deposition within **20 days** after the supplementation. Medtronic is ordered to file, within 14 days, a motion for fees and costs that includes an accounting of all attorney's fees and expenses that their counsel reasonably incurred in preparing the successful portion of its motion to compel and related submissions, supported by billing records, attorney declarations, and any other documentation necessary to determine the reasonableness of the proposed apportioned fees and costs. Medtronic shall note its motion in accordance with the Local Civil Rules.

Dated this 26th day of August, 2026.

Lauren King
United States District Judge